UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD P. RENKOWICZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CAROL MICI, JENNIFER GILARDI, | * | |
| DOUGLAS DEMOURA, JOY L. | * | Civil Action No. 19-cv-12193-ADB |
| GALLANT, JOYCE WESSEL, CARAN | * | |
| LANE, JENNIFER MARKHAM, | * | |
| VANESSA RIDEOUT, DAVID | * | |
| CAFARELLI, MICHAEL RODRIGUES, | * | |
| ROBERT PICKENS, GREGORY | * | |
| STROMAN, TKC HOLDINGS, INC., | * | |
| EXECUTIVE DIRECTOR, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On October 23, 2019, Plaintiff Donald P. Renkowicz ("Renkowicz"), an inmate at the Massachusetts Correctional Institution at Concord ("MCI-Concord"), filed a *pro se* complaint, [ECF No. 1 ("Compl.")], accompanied by a motion to appoint counsel, [ECF No. 5]. Renkowicz seeks damages pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights under the "First, Sixth, Eighth, Fourteenth and possibly some other prisoner rights, due process rights etc." [Compl. ¶¶ 18, 31]. Also before the Court is Renkowicz's renewed application to proceed without prepayment of fees or costs. [ECF No. 11]. For the reasons stated below, Renkowicz's renewed motion to proceed *in forma pauperis*, [ECF No. 11], is GRANTED. The Court has assessed an initial filing fee. Renkowicz's motion for appointment of *pro bono* counsel, [ECF No. 5], is DENIED without prejudice. In addition, Renkowicz is ordered to file

an amended complaint by March 11, 2020 to cure the deficiencies identified herein.

## I.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Renkowicz's renewed motion for leave to proceed *in forma pauperis*, [ECF No. 11], is GRANTED.  Pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee of $96.75 is assessed.  The remaining $253.25 shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

## II.    MOTION TO APPOINT PRO BONO COUNSEL

Renkowicz's motion for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1), [ECF No. 5], is hereby DENIED without prejudice.  Although pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case."  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights.  Id.; 28 U.S.C. § 1915(e)(1).  "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  DesRosiers, 949 F.2d at 23.  At this stage of the proceedings, the motion is premature and, on this record, Renkowicz has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

## III.   SCREENING OF THE COMPLAINT

Renkowicz's complaint is subject to screening pursuant to 28 U.S.C. § 1915 because Renkowicz is proceeding *in forma pauperis*, and pursuant to 28 U.S.C. § 1915A because he is a

prisoner. Both Section 1915 and Section 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). In conducting this review, the court liberally construes Renkowicz's complaint because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Generously construed, it appears Renkowicz seeks to bring a 42 U.S.C. § 1983 claim based upon five issues: (1) lack of telephone access, (2) lack of hygiene products, (3) delay in receipt of inmate funds, (4) interference with mail, and (5) misclassification. A Section 1983 plaintiff must show (1) "that some person deprived [plaintiff] of a federal right, and (2) that such person acted under color of state or territorial law." Grapentine v. Pawtucket Credit Union, 755 F.3d 29, 31 (1st Cir. 2014) (citation and quotation omitted). For the reasons stated below, Renkowicz is ordered to file an amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure, and to correct legal deficiencies in the complaint.

    **A.    The Complaint Fails to Comply with the Basic Pleading Requirements of the Federal Rules of Civil Procedure.**

Although Renkowicz is *pro se* and the complaint is understandable, it fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis added), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally."

Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because doing so promotes clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Id. In essence, the complaint must succinctly set forth as to each defendant what the plaintiff claims he or she did (or failed to do), where it occurred, when it occurred, and the relief the plaintiff seeks as to each defendant. Put another way, the complaint must clearly identify the claims and relief Renkowicz seeks as to each defendant and provide sufficient factual bases for each of the elements of the claims that he asserts. The caption must identify all defendants. Fed. R. Civ. P. 10(a).

Here, Renkowicz generally describes myriad regulations which he believes the defendants have violated, but provides little factual detail as to what rights have been infringed, how they were infringed, and who infringed them. Furthermore, in many instances, Renkowicz has either not identified a particular defendant (e.g., telephone access claims, hygiene claims) or has impermissibly lumped the defendants together. See, e.g., [Compl. ¶18 ("The Defendants . . . some of, or all of them have violated the United States Constitution Amendments First, Sixth, Eighth, Fourteenth, and possibly some other prisoner rights, due process rights, etc.")]. The defendants identified in the caption of the complaint also do not entirely match the defendants described within the body of the complaint. Renkowicz will be permitted to amend his complaint to conform to the basic pleading requirements of the Federal Rules of Civil Procedure.

### B.     Official Capacity Claims

"Absent an explicit waiver from the state, the Eleventh Amendment bars 'official capacity suits' against state actors in federal court unless the suit seeks prospective injunctive

relief." Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003). State actors are also not "persons" within the meaning of Section 1983 for purposes of monetary damages. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). With respect to the state actors here, Renkowicz solely seeks damages, and makes no claim for injunctive relief. Accordingly, to the extent that Renkowicz seeks monetary damages against state officials acting in their official capacity, such claims fail to state a claim upon which relief can be granted and are subject to dismissal.

### C. Section 1983 Supervisory Liability Claims

A claim under Section 1983 for supervisory liability has "two elements: first, the plaintiff must show that one of the supervisor's subordinates abridged the plaintiff's constitutional rights . . . . [and] [s]econd, the plaintiff must show that the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference." Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514–15 (1st Cir. 2016) (citations, quotations, and punctuation omitted). *Respondeat superior* is inapplicable in the Section 1983 context, thus liability may not attach solely based upon the official's position of authority. Id. at 515. While it is not required that the supervisor engage in the subordinate's behavior, "liability must be premised on [the supervisor's] own acts or omissions." Id. Under this standard, "[m]ere negligence will not suffice: the supervisor's conduct must evince reckless or callous indifference to the constitutional rights of others." Id. (citation omitted). To the extent that Renkowicz makes Section 1983 claims against the defendants, there are insufficient plausible factual allegations to establish supervisory responsibility.

### D. Section 1983 Claims Against Non-State Actors

Renkowicz's complaint seeks damages solely under Section 1983. He makes no state-

law claims. Nevertheless, Renkowicz names Robert Pickens, president of Securus Technologies, Inc., Gregory Stroman, executive director of Access Correction Secure Deposit, and TKC Holdings, Inc.'s unnamed executive director as defendants. It is unclear whether Renkowicz is bringing the claims against the individual defendants, their respective companies, or both, because the caption and the defendants identified in the complaint do not match. Regardless, there are no specific, plausible allegations as to any of these defendants. Even if there were such allegations, Renkowicz has not plausibly alleged that the named corporate officers or their respective organizations acted under color of law. Rather, these individuals are apparently officers of private corporations which, at most, have allegedly contracted with the Commonwealth. While there are instances in which a private actor can act under color of law, the allegations in the complaint do not support state actor status for these defendants as pleaded. See Hernandez v. Securus Techs., Inc., No. 16-cv-12402, 2017 WL 826915, at *3 (D. Mass. Mar. 2, 2017) (holding that telephone contractor providing services to a correctional facility was not a state actor under Section 1983). Accordingly, without more, the claims against these defendants are subject to dismissal.

      **E.**    **Lack of Telephone Access**

Renkowicz's claim concerning lack of telephone access also fails to state a claim upon which relief can be granted. Although the Supreme Court has not decided the issue, First Circuit precedent is clear that "[p]risoners have no *per se* constitutional right to use a telephone." United States v. Footman, 215 F.3d 145, 155 (1st Cir. 2000) (dicta); Gilday v. Dubois, 124 F.3d 277, 293 (1st Cir. 1997) ("As a prison inmate, [the prisoner] can identify no federal or state right—constitutional or otherwise—to utilize a prison phone on his own terms."); see also Roy v. Stanley, No. 03-cv-2431, 2004 WL 2240051, at *1 (1st Cir. 2004) (unpublished decision); Doe

v. Sanderson, No. 16-cv-12068, 2018 WL 1586026, at *6 (D. Mass. Mar. 30, 2018) (dismissing Section 1983 claim that was based upon denial of access to telephone); Riley v. O'Brien, No. 16-cv-11064, 2016 WL 8679258, at *8 (D. Mass. Sept. 2, 2016) (same); Sanchez v. Glob. Tel Link, No. 13-cv-12996, 2015 WL 8215880, at *1 (D. Mass. Dec. 8, 2015) (same). "Moreover, prison regulations, including restrictions on telephone access, do not infringe upon a prisoner's free speech rights if alternative means of exercising that right exist," such as through correspondence. Riley, 2016 WL 8679258, at *8.

Renkowicz apparently claims that he was denied access to the use of a telephone at Massachusetts Correctional Institution at Cedar Junction ("MCI-Cedar Junction") and MCI-Concord because he did not have funds in his account. [Compl. ¶¶ 19, 27]. In essence, Renkowicz alleges that he is dissatisfied with the restrictions placed upon telephone use, including that he was apparently limited to collect calls. The allegations fail to state a Section 1983 claim, and therefore the claims for telephone access are subject to dismissal.

### F.     Lack of Hygiene Products

Renkowicz's hygiene claim, as pleaded, fails to state a claim upon which relief can be granted. Renkowicz does not allege denial of basic hygiene items. Rather, he specifically claims that while at MCI-Cedar Junction he requested a "ditty bag," a package containing basic toiletries, from a correctional officer. [Compl. ¶ 20]. According to Renkowicz, he was told to write to the institutional Treasurer. [Id.]. A review of the exhibits attached to the complaint indicates that Renkowicz requested and was apparently provided with such a bag at least once. [ECF No. 1-6 at 4]. Other than recitation of various inmate orientation manuals and regulations, [Compl. ¶ 20], there are no specific allegations of being denied access to hygiene items, other than a general statement that it was not until April 25, 2019, apparently at MCI-Concord, that he

was first able to "purchase all the necessary cosmetics, shampoo, soap, [etc.] that he needed to maintain his hygiene . . . ."  [Compl. ¶ 25].

These allegations are confusing and do not assert that Renkowicz was denied hygiene items, only that he could not purchase such items at his discretion in April 2019.  For example, there are no allegations that Renkowicz was denied soap, shampoo, or other basic supplies.  See Merch. v. N.N.H. Corr. Facility, No. 09-cv-412, 2010 WL 3057549, at *3 (D.N.H. July 12, 2010), report and recommendation adopted, No. 09-cv-412, 2010 WL 3056650 (D.N.H. July 30, 2010).  The claims also do not identify particular defendants who denied him access to toiletries.  Accordingly, Renkowicz's claims fail to state a claim upon which relief can be granted, and such claims are subject to dismissal as pleaded.  See, e.g., Sellers v. Worholtz, 86 Fed. Appx. 398, 400 (10th Cir. 2004) (affirming dismissal of Eighth Amendment claim because prisoner could apply for "indigent package" of hygiene supplies every month); see also Blackmer v. Fortier, No. 11-cv-079, 2011 WL 6960991, at *6 (D.N.H. Dec. 13, 2011), report and recommendation adopted, No. 11-cv-79, 2012 WL 33006 (D.N.H. Jan. 5, 2012), aff'd, No. 12-cv-1165, 2012 WL 10234965 (1st Cir. Oct. 1, 2012) (*sua sponte* dismissal of hygiene claim because complaint did not allege hygiene items were otherwise unavailable) (citing Sellers, 86 Fed. Appx. at 400)).

### G.    Access to Funds

Renkowicz claims there was a delay in processing a bank check in violation of Massachusetts Department of Correction ("DOC") policies, apparently unintentionally, and that the DOC credited his account on two other occasions without resort to its outside fund contractor in violation of its policies.  [Compl. ¶¶ 21–23].  Renkowicz does not specifically identify which of his constitutional rights were violated.  To the extent that Renkowicz may be attempting to assert a Due Process challenge under the Fourteenth Amendment, it is well-settled that the

negligent deprivation of a prisoner's property does not violate the Fourteenth Amendment, so long as the deprivation is random and the prisoner has a "meaningful post-deprivation remedy." Hudson v. Palmer, 468 U.S. 517, 531 (1984) (citing Parrat v. Taylor, 451 U.S. 527 (1981)). Similarly, although not alleged here, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

Here, presuming without finding that a one-time delay in processing a check by DOC is a compensable deprivation caused by DOC personnel, Renkowicz can seek a remedy in state court. See Davis v. Middlesex Sheriff's Office, No. 09-ca-11453, 2010 WL 2090338, at *5 (D. Mass. May 20, 2010) (prisoner could seek an adequate remedy for negligence against the Commonwealth in state court in connection with his lost property); see also Slaven v. Livingston, No. 02-17-00266-cv, 2019 WL 983693, at *7 (Tex. App. Feb. 28, 2019); Slover v. Addison, No. 14-cv-428, 2014 WL 3689693, at *3 (W.D. Okla. July 23, 2014) (lost checks); Johnson v. Fair, 697 F. Supp. 567, 572 (D. Mass. 1988); Jefferies v. Allen, No. 08-cv-1888, 2009 WL 536051, at *3 (W.D. La. Mar. 3, 2009) (lost money order).

As to the processing of refund checks without informing Renkowicz, it is unclear how his constitutional rights have been implicated. See [Compl. ¶¶ 22, 23]. Arguably the funds were processed faster than through the contractor, so in those instances there is no deprivation. And, to the extent Renkowicz's account was debited one dollar for maintenance fees under state law, he does not appear to claim that the deduction was unlawful. Without more, the claim is subject to dismissal. See Barber v. Wall, 66 F. App'x 215, 216 (1st Cir. 2003) (debiting a prison

"account in satisfaction of a properly imposed restitution order does not amount to a taking or other wrongful interference with a property interest").

### H.     Classification

Renkowicz claims that he was misclassified by classification personnel in violation of DOC's policies, implying that he has a liberty interest in the classification process. A liberty interest is infringed only if the action taken imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "It is well established that the Constitution does not guarantee that a 'prisoner will be placed in any particular prison.'" Schofield v. Clarke, 769 F. Supp. 2d 42, 49 (D. Mass. 2011) (quoting Gonzalez-Fuentes v. Molina, 607 F.3d 864, 887 (1st Cir. 2010)). "Moreover, an inmate does not possess a protected liberty interest in preventing a transfer to a more restrictive form of confinement." Id. (citing Sandin, 515 U.S. at 484; Dominique v. Weld, 73 F.3d 1156, 1160–61 (1st Cir. 1996)).

Although the First Circuit has not decided the issue, the "Massachusetts state regulations regarding classification and transfer [of prisoners] do not expressly create a liberty interest." Riley, 2016 WL 8679258, at *7 (citing 103 Mass. Code Regs. § 420.01). Renkowicz's claim that he was improperly classified under the DOC's classification regulations does not rise to a liberty interest, and therefore, fails to state a claim upon which relief can be granted. See Forbes v. Wall, No. 14-cv-322, 2014 WL 4997289, at *3–4 (D.R.I. Oct. 7, 2014) (dismissing complaint *sua sponte* against classification board and classification director because no liberty interest was invoked by classification). Accordingly, all claims relating to classification are subject to dismissal.

### I. Legal and Personal Correspondence

Renkowicz claims that "on April 23, 2019 defendants [Douglas Demoura, Joyce Wessel, and Caran Lane] had refused to mail out plaintiff's legal mail and personal mail by stating that the legal mail was social mail and the plaintiff's social mail needed postage because they sa[id] he was not indigent." [Compl. ¶ 24]. There are no other allegations made. A review of the exhibits reveals envelopes and return slips. [Compl. Ex. G; ECF No. 1-7]. "Inmates have a constitutional right of access to the courts and indigent inmates have a right to free postage for certain legal documents." Holloman v. Clarke, 244 F. Supp. 3d 223, 230 (D. Mass. 2017) (citing Bounds v. Smith, 430 U.S. 817, 824–25 (1977)). "To state a constitutional claim for denial of access to the courts, plaintiff must identify a policy or practice that denies inmates meaningful access to the courts and allege that the policy or practice hindered plaintiff from pursuing a legal claim. Id. Here, the allegations are sparse and there are no allegations that the policy itself is unconstitutional, that his indigent status was improperly determined, or that the return of his mailings hindered the pursuit of a legal claim. As pleaded, the claim is subject to dismissal.

### J. Impermissible Joinder

As Renkowicz admits in his affidavit in support of his motion for appointment of counsel, it is clear from the complaint that Renkowicz is attempting to bring "several different legal claims with each claim involving a different set of defendants." [ECF No. 6]. While Rule 18(a) of the Federal Rules of Civil Procedure permits Renkowicz "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." Chase v. Chafee, No. 11-cv-586, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011) (emphasis added), report and recommendation adopted, No. 11-cv-586, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); see Spencer v. Bender, No. 08-cv-11528, 2010 WL 1740957, at

*2 (D. Mass. Apr. 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). Instead, Rule 20 of the Federal Rules of Civil Procedure provides that separate defendants "may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). Another reason that this type of pleading is not acceptable is because it might be an attempt to avoid the imposition of separate filing fees. See Spencer, 2010 WL 1740957, at *2. Here, Renkowicz brings five separate types of claims. While there might be overlap with some of the parties, Renkowicz is cautioned that it is impermissible to bring multiple unrelated claims within a single action.

## IV. CONCLUSION

Based upon the foregoing, it is it is hereby ORDERED that:

1. Renkowicz's motion to appoint counsel, [ECF No. 5], is DENIED without prejudice.

2. Renkowicz's renewed application to proceed without prepayment of fees, [ECF No. 11], is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $96.75. The remainder of the fee, $253.25, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

3. The Complaint, [ECF No. 1], is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, as set forth above. If Renkowicz wishes to proceed in this matter, he shall file an amended complaint by March 11, 2020 that cures the pleading deficiencies and sets forth cognizable claims in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure (setting forth the name of each defendant, the separate cause of

action/legal theory asserted against each defendant, a concise statement of the underlying factual basis supporting each cause of action, and the relief sought).  Summonses shall not issue pending further order of the Court.

4. Failure to comply with this Order will result in dismissal of this action.

**SO ORDERED.**

February 11, 2020 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE